TENNEY, C. J., HATHAWAY, CUTTING, MAY, GOODENOW, and DAVIS, J. J., concurred.

———————◆———————

DAVID HOOPER, *Adm'r, versus* INHABITANTS OF GORHAM.

An action brought upon the statute, to recover against a town for a *personal* injury, caused by a defect in its highway, and which action was pending when the provisions of c. 87, § 8 of the R. S. of 1857, took effect, will not, after that time, abate by the death of the plaintiff, but may be prosecuted by the executor or administrator of the deceased.

ACTION OF THE CASE, commenced by Edward Hooper, the plaintiff's intestate, upon the statute to recover damages for an injury to his person, caused by an alleged defect in a highway. The action was entered at the January term, 1857. During the January term, 1858, the said Edward Hooper deceased, and the suggestion of his death was entered upon the docket of that term. At the next (April) term, the administrator appeared, and moved the Court that he be admitted to prosecute this action in his capacity of administrator; to which defendants objected. Thereupon, the parties agreed that the question of the administrator's right to prosecute be referred to the full Court, on the Report of the case by DAVIS, J., presiding at *Nisi Prius.* If the action survives, the administrator is to be admitted to prosecute; otherwise, the action is to be dismissed.

*Howard & Strout* argued for the administrator: —

That, by the provisions of c. 87, § 8 of R. S. of 1857, this action survives.

*Trespass on the case* is an action brought for the recovery of damages for acts unaccompanied with force, and which, in the consequences only, are injurious, as stated by Espinasse, Dig. p. 598; 1 Com. Dig., Action on the Case, A.

*Trespass upon the case* is the form of expression in use generally, out of New England, even in actions of assumpsit. But we adopt the expression " *of the case,*" for the same purpose and as identical in its import. 1 Com. Dig., Actions upon the Case, upon Promises, A; Am. Precedents, p. 124, note.

If there be any distinction, *trespass on the case* is the more comprehensive and embraces *actions on the case.* But no distinction is perceived. 1 Chitty's Pl. 132; *Files* v. *Magoon,* 41 Maine, 104.

*Swasey,* for defendants, argued: —

That this action abates by the death of the plaintiff. It does not survive by the principles of the common law. *Nicholson* v. *Elton,* 13 Serg. & Rawle, 416; *Hambly* v. *Trott,* Cowp. 375; *People* v. *Gibbs,* 9 Wendall, 29; *Stebbins* v. *Palmer,* 1 Pick. 71; *Chamberlain* v. *Williamson,* 2 M. & S. 408.

The statute in force at the time when the action was commenced, enlarging the causes of action which survive, was the R. S. of 1841, c. 120, § § 15, 16. By this, the following named actions were added to those which survive by law; to wit:—replevin, trover, assault and battery, trespass for goods taken and carried away, and actions of trespass and *trespass on the case for damage done to real or personal property.*

The present action is for *damage to the person,* and not to property. It does not, therefore, survive by the provisions of the statute of 1840.

The statute of 1857, c. 87, § 8, adds to the actions which survive by law, the following, to wit:—replevin, trover, assault and battery, trespass and trespass on the case.

It is contended that this statute is not, by its provisions, applicable to the case, does not affect it, and that, by it, this case does not survive.

1. Because this action does not come within its description of actions. It is named, in the statute upon which it is brought, " a special action on the case," and is for an injury to the

person of the plaintiff. The right and the remedy are both created by the statute—not being recognized by common law. The statute has given this special remedy by which to enforce its created right. It is a mere statute remedy. And, had the Legislature intended that, for an injury like this, the cause of action should survive to be enforced by an executor or administrator, there would have been no necessity of the other enactment in the same section of the statute, on which this action is based, which provides that, in case the life of any person is lost, a given sum may be recovered of the town by indictment, to be paid to the executor or administrator for the use of the heirs, &c., of the deceased.

Where a statute creates a right and provides a remedy, no other remedy lies. *Boston* v. *Shaw*, 1 Met. 130; *Baird* v. *Wells*, 22 Pick. 312; *Walcott* v. *Upham*, 5 Pick. 292.

2. Notwithstanding the statute of 1857 omits the words "for damage done to real or personal property," which were contained in that of 1840, still, it is contended that the statute is to receive a construction by the Court. If the language were to receive a literal construction, it would lead to absurdities, and make a class of actions survive which it cannot be supposed the Legislature intended. By such a construction, (if the words "trespass on the case" are intended to describe an "action on the case,") all actions in form *ex delicto* survive. Not only actions of that character for injuries to the *absolute* rights of persons and property, such as actions for libels and verbal slander, actions for injuries to the health or comfort, as for nuisances, &c., &c., but also for injuries to *relative* rights, as for seducing or harboring wives, criminal conversation, debauching daughters and servants, &c, &c. It is not reasonable to suppose that the Legislature intended that such causes of action shall survive, and be commenced or prosecuted by executors or administrators, or that it intended that the named action of trespass on the case shall survive, except for injuries to property, and this idea is strengthened by reference to the language of the ninth section of the same statute of 1857.

A statute is to be so construed as to have a reasonable effect, agreeably with the intention of the Legislature, and, where any particular construction would lead to absurd or unreasonable consequences, it will be presumed that some exception or qualification was intended.

A statute is not to be construed according to technical rules; the letter of a statute may be restrained or enlarged, according to the true intent of the Legislature. The question does not, altogether, depend on the mere *form* of remedy. *Smith* v. *Sherman*, 4 Cush. 413.

3. Because this statute was not in force at the time when the action was commenced, but was enacted whilst it was pending in Court, and, by its terms, applies only to future actions.

Statutes are always to be construed as *prospective*, unless the intention to give a retrospective operation is clearly expressed. *Tappan* v. *Tappan*, 10 Foster, (N. H.) 50; *Hastings* v. *Lane*, 15 Maine, 134.

This ground is assumed, in the first place, upon principle, as there is nothing in the language of the Act indicating an intention to have it operate upon actions already commenced; and, in the second place, for the reason that the Legislature, by its enactment, has prevented its application to pending actions. "The Repealing Statute" of 1857, § 2, contains this language:—"The Acts declared to be repealed remain in force for the preservation of all rights and their remedies existing by virtue of them, and, so far as they apply to any office, trust, judicial proceeding, right, contract, limitation or event already affected by them."

The opinion of the Court was drawn up by

MAY, J.—*Actio personalis moritur cum persona* is among the most ancient maxims of the common law. It was not, however, universal in its application. It had its exceptions, and these, in England, as well as in many if not all the States in this Union where the common law has prevailed, have been greatly extended by legislation. The ancient strictness of

the rule has been constantly giving way before a more enlightened civilization, and a more full and perfect development of the principles of natural justice. Judicial expositions of the statutes, which have been passed touching the survivorship of actions and causes of action, seem to have been made in the same liberal spirit which has led to the various enactments. If the language of a statute will allow it, no reason is perceived why such a construction should not be adopted as will give to executors and administrators, for the benefit of heirs or creditors as the law may require, authority to institute or maintain suits for the recovery of such damages as the deceased party, whom they represent, may have suffered in his lifetime, either in his person or his property, by reason of the tortious or other acts of any person, in the same manner as the party injured might have done if living.

The rule of the common law was, that actions in form *ex delicto* did not survive. It is said that the maxim *actio personalis moritur cum persona*, is not applied in the old authorities to causes of actions on contracts, but to those in tort which are founded on malfeasance or misfeasance to the person or property of another, which latter are annexed to the person, and die with the person, except where the remedy is given to the personal representatives by the statute law; it being a general rule that an action founded on tort, and in form *ex delicto*, was considered as *actio personalis*, and within the above maxim. Broom's Legal Maxims, 4th ed., 562, and cases there cited.

The legislation of this State seems to have followed, substantially, the English statutes of 4 Edward 3, c. 7, and 3 & 4 of Will. 4, c. 42. By our R. S. of 1840, c. 120, § 15, "in addition to actions which survive according to the principles of the common law, the following also shall survive, namely: actions of replevin, actions of trover, assault and battery, actions of trespass *for goods taken and carried away*, and actions *of trespass* and trespass on the case *for damage done to real or personal property*." It is readily seen that this statute extends its life giving protection to such actions only as

relate to the real or personal estate of the deceased, with the single exception of actions of assault and battery. By it the common law is left in force as to all other actions of tort, which affect only a man's health, life, person, feelings or reputation; such, for example, as arise from the unskilfulness or negligence of a surgeon, an attorney, or a stage proprietor, or for slander or libel, and the like. In such cases no action would survive to the executors or administrators, nor could be commenced by them, because they were regarded by the common law, not so much as representing the person as the personal estate of the testator or intestate of which they are in law the assignees. 3 Bl. Com., 16th ed., 302, n. 9; Com. Dig., "Administration," B. 13.

Such was the law of this State when this action was commenced and until the revision of the statutes in 1857. By that revision, c. 87, § 8, it is provided that, "in addition to those surviving by the common law, the following actions survive;—replevin, trover, assault and battery, trespass, trespass on the case and petitions for and actions of review; and *these actions may be commenced by or against an executor or administrator, or, when the deceased was a party to them, may be prosecuted or defended by them.*" The question now presented is whether these provisions embrace an action like the present, which is a special action on the case, brought upon the R. S. of 1840, c. 25, § 89, to recover damages for an injury to the person of the plaintiff, caused by an alleged defect in a highway. The statute of 1857 differs from that of 1841, as will be seen in this; that in the latter the words " actions of trespass" are qualified or restricted by the words "for goods taken and carried away" immediately following, and the words " actions of trespass on the case," by the words "for damage done to real or personal property." In the present statutes the restrictive words are wholly dropped. What was the intention of the Legislature in this omission? The words are too important to have been left out of the last revision without some purpose. What was that purpose? It could have been no other than to cut off the restrictive qualification

which was imposed by these words upon the actions to which they referred, and thus to leave the words "trespass" and "trespass on the case" to have the same effect as if the restriction had never existed. Such a purpose has nothing in it so unnatural or strange as to lead the Court to seek for some other construction, or cause for the omission of these words, as being more in harmony with the dictates of justice and the progress of legislation upon this subject, than that which we have adopted. No such construction or cause can be found. We see nothing inequitable or unjust in such a construction of the statute as will tend to secure to the heirs or creditors of a person deceased, through the agency of his executor or administrator, a suitable compensation for injuries received by the testator or intestate, when in life, whether such injuries were directly to his property or to his person. Such a construction does no injustice to the tort feasor. It may tend to prevent wrongdoing.

Do then the words "actions of trespass," or "trespass on the case," as used in the statute of 1857, embrace a case like the present. There is no distinction between an action of the case sounding in tort, and trespass on the case. The difference in the form of the words is accidental rather than real. The authorities cited for the plaintiff show that, notwithstanding the difference in the form of expression, the meaning, the substance is the same. The objection that the statute is prospective in its operation does not apply, because the death of the plaintiff's intestate was not until after the statute took effect. The result is, that the action, according to the agreement of the parties, the administrator of the deceased plaintiff having appeared to prosecute it, is to stand for trial.

TENNEY, C. J., HATHAWAY, CUTTING and DAVIS, J. J., concurred. GOODENOW, J., dissenting.